IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| SARAH ZITO; ALVARO SARMIENTO, JR.; MARK SHINN; and DANIEL BERMUDEZ, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>STRATA EQUITY GROUP, INC. n/k/a STRATA EQUITY GLOBAL, INC.; STRATA AUDUBON, LLC; STRATA VERIDIAN, LLC; PINNACLE PROPERTY MANAGEMENT SERVICES, LLC; WENDI DAMI-VAZQUEZ; JACINTA WILLIAMS; and CONSERVICE, LLC,<br><br>Defendants. | Civil Action No.: 2:20-cv-3808-MBS<br><br><br><br><br><br><br><br>**DEFENDANT PINNACLE PROPERTY MANAGEMENT SERVICES, LLC'S SUPPLEMENTAL MOTION TO DISMISS** |

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant Pinnacle Property Management Services, LLC ("Pinnacle") hereby moves to dismiss all claims against it with prejudice. This motion is intended to supplement the Joint Motion to Dismiss filed by all Defendants with arguments that are specific to Pinnacle.

## **INTRODUCTION**

In addition to the arguments set forth in the Joint Motion to Dismiss, the claim against Pinnacle should be dismissed because Pinnacle is not a public utility for another, independent reason: there is no allegation that Pinnacle did anything with respect to utility charges "for compensation," which is part of the statutory definition of a public utility. To the contrary, Plaintiffs admit that Pinnacle was not a party to the operative leases, which were between the Plaintiffs and a Strata entity, and they admit that Pinnacle did not receive any payments under the leases. There are simply no factual allegations against Pinnacle that would satisfy the "for

1

compensation" piece of the public utility definition, and, for that reason as well, Plaintiff cannot demonstrate that Pinnacle was a public utility, and the claims against it should be dismissed.

Further, were a violation of the utility laws properly pleaded as a general matter (and it is not), there are no allegations specific to Pinnacle sufficient to state a cause of action. Instead, Plaintiffs merely lump all of the defendants into various causes of action without alleging facts that Pinnacle itself did anything wrong. Under *Iqbal* and *Twombly*, shatter-shot allegations like this are impermissible. Absent allegations specific to Pinnacle, the claims against it must be dismissed.

Finally, beyond the global defects in Plaintiffs' claims, each claim against Pinnacle is deficient for additional independent reasons as follows:

- **Violation of the Landlord/Tenant Act**. Plaintiffs claim that "Defendants" have violated the Landlord/Tenant Act, but Pinnacle is not a landlord within the meaning of the Act; therefore, this cause of action fails.

- **Criminal Penalties**. Plaintiffs claim entitlement to penalties set forth in the utility laws that, according to the plain language of the statute, can only be imposed after a public utility is convicted of a misdemeanor. Pinnacle has not been so convicted, and Plaintiffs have no statutory authority to bring criminal charges against Pinnacle.

- **Negligence**. Pinnacle has no duty sounding in negligence with respect to utility charges, as those charges are governed by the lease agreements between Plaintiffs and the relevant Strata entities.

- **Unfair Trade Practices**. Plaintiffs have not alleged that Pinnacle engaged in any conduct that would constitute an unfair trade practice, as Plaintiffs complain only about the terms and conditions of their leases with no corresponding factual allegations showing that Pinnacle was responsible for those terms or conditions. In addition, Plaintiffs cannot bring an unfair trade practices act claim in a representative capacity.

For all of these additional reasons, each of Plaintiffs' causes of action should be dismissed with prejudice as against Pinnacle.

## FACTUAL AND REGULATORY BACKGROUND

In addition to the factual and regulatory background set forth in the Joint Motion, Pinnacle

would note that the sole allegation specific to Pinnacle in the Complaint is that Pinnacle manages the Audubon Park and Grove apartment complexes for Defendants Strata Audubon, LLC, Strata Veridian, LLC, and Strata Equity Global, Inc. (collectively, the "Strata Defendants").  (Compl. ¶ 7.)  **The Complaint contains no other allegations specific to Pinnacle**.

## LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Under this standard, the plaintiff must plead facts that permit the court, based on "its judicial experience and common sense, . . . to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679.  Moreover, although the court must accept all of the complaint's factual allegations as true, this tenet "is inapplicable to legal conclusions."  *Id.* at 678.  Finally, "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678; *see also Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 256 (4th Cir. 2009). This legal standard is designed to ensure that a barebones complaint "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009).

## ARGUMENT

**A.     Pinnacle Is Not a Public Utility Because There Is No Allegation that It Receives Compensation from Tenants for Utility Charges**

Under § 58-5-10(4), an entity that furnishes or supplies water or sewer is only a public utility if it does so "for compensation."  S.C. Code Ann. § 58-5-10(4).  Pinnacle does not fit this definition for the additional reason that it is not alleged to receive compensation from tenants for the utility charges set forth in the various leases.  Plaintiffs do not allege that Pinnacle owned the

properties at issue or entered into the leases with the Plaintiffs. Indeed, Plaintiffs do not even attempt to bring a claim against Pinnacle for breach of the leases, as Plaintiffs recognize that Pinnacle was not a party to the leases, nor do they attempt an unjust enrichment claim, as they recognize that Plaintiffs paid rent and utility charges to the Strata Defendants, not to Pinnacle. (Compl. ¶¶ 71-93, 113-18.) Instead, Plaintiffs admit that "Strata Audubon and Strata Veridian received payments of water and sewerage rates and fees from Plaintiffs and the other current and former tenants." (Compl. ¶ 114.) To be a public utility, an entity must furnish or supply the relevant service to a consumer "for compensation." S.C. Code Ann. § 58-5-10(4). Nowhere do Plaintiffs allege that they paid Pinnacle anything at all for water or sewer, and, indeed, they affirmatively allege that those payments were made to the Strata Defendants. Accordingly, there are no factual allegations plausibly showing that Pinnacle furnished or supplied utility services *for compensation*, and, for this reason as well, the claims against Pinnacle should be dismissed.

**B.     Plaintiffs Have Not Alleged Specific Facts Demonstrating Pinnacle's Liability**

In addition to the procedural and substantive problems with Plaintiffs' claims, Plaintiffs have not met the pleading standard set forth in *Iqbal* and *Twombly* because they have not made any specific allegations as to Pinnacle that give rise to liability. It is well-settled that a plaintiff may not simply lump one defendant with another, allege liability against "Defendants," and allege nothing further. *See, e.g., SD3, LLC v. Black & Decker (U.S.) Inc.*, 801 F.3d 412, 422 (4th Cir. 2015) (holding that plaintiffs "cannot assemble some collection of defendants and then make vague, non-specific allegations against all of them as a group") (citations and quotations omitted); *Del Castillo v. PMI Holdings N. Am. Inc.*, No. 4:14-3435, 2016 U.S. Dist. LEXIS 91051, at *5 (S.D. Tex. July 13, 2016) (holding that "lumping together multiple defendants without identifying who is responsible for which acts does not satisfy the requirements of [Rule] … 12(b)(6)");

4

*Hottinger v. Amcoal Energy Corp.*, No. 89-6391, 1992 U.S. Dist. LEXIS 17197, at *26 (S.D.N.Y. Nov. 10, 1992) (dismissing a complaint that merely "lump[ed] together all defendants" without making 'averments as to the role of [each] individual defendant"). Instead, a plaintiff must allege *facts* that plausibly entitle her to relief against each specific defendant. *Iqbal*, 556 U.S. at 679.

Here, the one and only allegation specific to Pinnacle is that it "manages the Audubon Property and Veridian Property for Strata Audubon and Strata Veridian including entering into leases and administering leases for Strata Audubon and Strata Veridian." (Compl. ¶ 7.) From that point in the Complaint forward, there are no further allegations specific to Pinnacle. Rather, there are allegations specific to the Strata Defendants (*e.g.*, ¶¶ 14, 16-18, 26-28, 31, 34-36), and there are allegations that simply lump all "Defendants" together (*e.g.*, Compl. ¶¶ 26, 42, 66, 100), but there are no allegations specific to Pinnacle.

The lack of specific allegations is fatal to Plaintiffs' claim against Pinnacle because the mere allegation Pinnacle "manages" the properties is too vague and conclusory to say anything meaningful about what acts or omissions are within Pinnacle's purported scope of responsibility. *See, e.g.*, *Jung v. Ass'n of Am. Med. Coll.*, 300 F. Supp. 2d 119, 165 n.29 (D.D.C. 2004) (holding that mere allegation that one entity "manages" a program are conclusory and insufficient to allege liability); *TSX Toys, Inc. v. 665, Inc.*, No. 14-02400, 2015 WL 12746211, at *2-3 (C.D. Cal. Sep. 23, 2015) (same). Moreover, there are no factual allegations remotely suggesting that Pinnacle was responsible for the allegedly wrongful utility charges, or that Pinnacle did anything improper with respect to the number of occupants in each unit. Indeed, there is not even an allegation that Pinnacle was aware of other tenants purportedly having too many occupants, much less any factual allegations showing that it was within Pinnacle's authority or responsibility to determine and/or address any such issues. Accordingly, the Complaint falls well short of alleging facts sufficient to

5

raise Plaintiffs' right to relief as against Pinnacle above the speculative level, and all claims against Pinnacle, therefore, should be dismissed.

## C.     Each of Plaintiffs' Claims for Monetary Relief Is Independently Defective

Beyond the global defects in the Complaint, each of the claims for monetary relief is defective for independent reasons as set forth below.

### 1.     The Residential Landlord and Tenant Act.

Pinnacle cannot be liable under the Residential Landlord and Tenant Act because Pinnacle is not a landlord. Plaintiffs allege that Pinnacle is liable for violating the Residential Landlord and Tenant Act (the "Landlord/Tenant Act"), S.C. Code Ann. §§ 27-40-10, *et seq*., because Plaintiffs were allegedly charged unlawful utility rates, and the Landlord/Tenant Act prohibits including unlawful terms and conditions in lease agreements. (Compl. ¶¶ 95-96.) Although it is not spelled out, Plaintiffs' are presumably referencing S.C. Code Ann. § 27-40-310, which provides: "A landlord and a tenant may include in a rental agreement terms and conditions not prohibited by this chapter or other rule of law, including rent, term of the agreement, and other provisions governing the rights and obligations of the parties." By its terms, however, the Landlord/Tenant Act generally and § 27-40-310 applies only to "landlords," which Pinnacle is not, and is not alleged to be.

The Landlord/Tenant Act defines a "landlord" as "the owner, lessor, or sublessor of the premises, and it also means a manager of the premises who fails to disclose as required by Section 27-40-420." S.C. Code Ann. § 27-40-210(6). Plaintiffs do not allege that Pinnacle is the owner, lessor, or sublessor—indeed, Plaintiffs' affirmatively allege that the Strata Defendants fill those roles—so the first part of the definition does not apply. Plaintiffs do allege that Pinnacle is a manager, but a manager is only a "landlord" under the statute if it "fails to disclose as required by

6

Section 27-40-420." *Id.* Section 27-40-420, in turn, requires disclosure to the tenant of "the name and address of an owner of the premises or a person authorized to act on behalf of the owner as agent, inter alia, for purposes of service of process and receiving or receipting notices or demands." Here, the very lease agreements signed by the Plaintiffs contain such notice: they expressly identify the owner on page 1, and they provide an address for service of process and demands near the end of the lease document. (Leases, attached herein as Exhibit A.)[1] Because it is apparent from the face of the leases that notice was provided under § 27-40-420, and without any factual allegation to the contrary, there is no allegation that would render Pinnacle a "landlord" for purposes of the Landlord/Tenant Act. Therefore, the Landlord/Tenant Act does not apply to Pinnacle, and the cause of action for violation of the Landlord/Tenant Act should be dismissed.

### 2. Criminal Penalties.

Pinnacle cannot be liable as a "public utility" for criminal penalties by virtue of a private civil action, nor is Pinnacle a "public utility." Plaintiffs allege they are entitled to the penalties set forth in § 58-5-370, which provides as follows:

> Any person or corporation ***owning or operating a plant furnishing water or gas to the public*** or any portion thereof for compensation who shall fail or refuse to accept the rate fixed by the Commission to be charged for water or gas and instead thereof shall charge, demand or receive a greater amount than that fixed by the Commission ***shall be guilty of a misdemeanor and upon conviction thereof*** shall be fined in any sum not less than twenty-five dollars nor more than one hundred dollars, to be recovered in any court of competent jurisdiction, one half of such fine as may be imposed going to the informer and the other half to the city in which the complaint arises. Each overcharge to any consumer of water or gas shall constitute a separate offense.

---

[1] The Court may properly consider documents attached to a motion to dismiss that are integral to the complaint and authentic. *Blankenship v. Manchin*, 471 F.3d 523, 526 n.1 (4th Cir. 2006). All of the leases attached here are integral to the Complaint and Plaintiffs relied on them throughout the Complaint.

7

S.C. Code Ann. § 58-5-370 (emphasis added).

As noted above, Pinnacle is not a public utility and does not furnish water to the public for compensation within the meaning of the utility laws. Moreover, Pinnacle is not alleged to own or operate "a plant" furnishing such services, which is specifically required for § 58-5-370 to apply. Therefore, even if Pinnacle were a "public utility" (and it is not), § 58-5-370 still would not apply because it does not own or operate—and is not alleged to own or operate—a plant. Finally, § 58-5-370 applies by its own terms "upon conviction" for a misdemeanor. Pinnacle has not been convicted of a misdemeanor, and Plaintiffs have made no allegation to the contrary. Moreover, it is well-settled in South Carolina that private parties cannot prosecute criminal actions; only the State and its designated officers can do that. *See generally In re Richland County Magistrate's Court*, 389 S.C. 408, 413-14, 699 S.E.2d 161, 164 (S.C. 2010) (holding that only solicitors and law enforcement officers may bring criminal prosecutions). Therefore, § 58-5-370 does not apply to this case, and the cause of action seeking penalties under that statute should be dismissed.

### 3.     Negligence

Plaintiffs' contention that Pinnacle is liable in negligence for the allegedly unlawful utility charges is fatally defective because there are no factual allegations that would give Pinnacle a duty of care with respect to the utility charges. Under South Carolina law, a negligence action will not lie unless the defendant owes the plaintiff a legal duty of care with respect to the matter at issue. *Regions Bank v. Schmauch*, 354 S.C. 648, 668-69, 582 S.E.2d 432, 443 (S.C. Ct. App. 2003) (rejecting claim that bank had a duty of care with respect to her decision to guarantee a loan). Generally, when the rights of the parties are established by contract, a tort action will not lie for a purely economic loss absent some particular duty arising in tort. *See Tommy L. Griffin Plumbing & Heating Co. v. Jordan, Jones & Goulding, Inc.*, 320 S.C. 49, 54, 462 S.E.2d 85, 88 (S.C. 1995).

In this case, Plaintiffs complain about purely economic losses arising from contracts (leases) to which Pinnacle was not a party and is not alleged to have had any control.  Plaintiffs admit that the utility charges were set forth in leases that were solely between the various Plaintiffs and the relevant Strata Defendants, and that utility fees were paid by Plaintiffs to the Strata Defendants.  (Compl. ¶¶ 16, 20, 34, 38, 114.)  Thus, Plaintiffs have not alleged facts showing that Pinnacle had any control, input, or authority over the terms of those leases and no duty can arise therefrom.

Likewise, with respect to the claim that some tenants were not charged based on all of the occupants of their respective units, Plaintiffs have not alleged facts showing that Pinnacle had the authority, much less a duty, to investigate or correct these alleged concerns.  Further, there is nothing in the leases themselves (to which Pinnacle was not a party) that promises anything with respect to the handling of other tenants' alleged dishonesty.

Undersigned counsel has not located any South Carolina law remotely suggesting that an entity that is not even a landlord for purposes of the Landlord/Tenant Act somehow has a duty of care with respect to the terms of a lease or the enforcement of those terms as between a landlord and a tenant.  If anything, by expressly excluding property managers from liability, the Landlord/Tenant Act demonstrates the General Assembly's desire ***not*** to impose a legal duty on such entities.  Having specifically enumerated the parties that have duties with respect to the terms and conditions of a residential lease, the natural conclusion is that the General Assembly intended for other parties—including property managers—to have no such duties.  *Cf. Riverwoods, LLC v. County of Charleston*, 349 S.C. 378, 384-85, 563 S.E.2d 651, 655 (S.C. 2002) (applying *inclusio unius est exclusio alterius* canon of construction to hold that when a statute enumerates its exceptions, those exceptions are exclusive).  Without some basis in South Carolina law for

9

imposing a legal duty on Pinnacle based on the facts alleged, Plaintiff's negligence claim fails as a matter of law and should be dismissed.

### 4. Unfair Trade Practices

Finally, Plaintiffs' claims under the South Carolina Unfair Trade Practices Act ("SCUTPA") fail because they have not alleged any facts to support such a claim against Pinnacle and because an individual cannot bring a SCUTPA claim in a representative capacity. The Complaint alleges that Defendants violated SCUTPA by "[e]ntering into leases providing for illegal water and sewerage allocation rates and fees" and charging such rates and fees. (Compl. ¶ 121.) Presumably, Plaintiffs call the fees and charges "illegal" because they allege the fees and charges were not approved by the Commission.

As noted above, there are no factual allegations that Pinnacle "entered into" the leases at all. In addition, there are no factual allegations showing that Pinnacle was responsible for the terms and conditions of the leases, including the water and sewer charges set forth therein, or that Pinnacle was paid for such charges. Thus, Plaintiffs have not alleged how Pinnacle could have violated SCUTPA. Without factual allegations plausibly establishing that Pinnacle was responsible for the allegedly illegal charges, Plaintiffs' contention that Pinnacle engaged in an unfair trade practice is nothing more than pure speculation and should be dismissed.

Moreover, SCUTPA specifically prohibits claims brought in a representative capacity. S.C. Code Ann. § 39-5-140 provides in relevant part: "Any person who suffers any ascertainable loss . . . as a result of the use or employment by another person of an unfair or deceptive method, act or practice. . . may bring an action individually, ***but not in a representative capacity*** . . ." (emphasis added). It is well-established that SCUTPA claims, therefore, cannot be pursued as a class action. *See e.g., Gunnells v. Healthplan Servs.*, 348 F.3d 417, 423 (4th Cir. 2003) (affirming

district court decision refusing to certify a class in a lawsuit under SCUTPA); *Fejzulai v. Sam's West, Inc.*, 205 F. Supp. 3d 723 (D.S.C. 2016) (holding that Fed. R. Civ. Pro. Rule 23 does not alter the prohibition on class actions under SCUTPA); *In re TD Bank, N.A.*, 150 F. Supp.3d 593, 634-35 (D.S.C. 2015) (dismissing SCUTPA class claims).  Thus, Plaintiffs' SCUPTA class action claim should be dismissed.

## CONCLUSION

For the foregoing additional reasons, all of Plaintiffs' claims against Pinnacle should be dismissed with prejudice.


Dated: November 30, 2020            GORDON & REES LLP


                                    By    */s/Henry W. Frampton, IV*
                                          Henry W. Frampton, IV (Fed. 10365)
                                          E-mail: hframpton@grsm.com
                                          Peter G. Siachos (Fed. 07591)
                                          E-mail: psiachos@grsm.com
                                          Victoria T. Kepes (Fed. 13000)
                                          E-mail: vkepes@grsm.com
                                          40 Calhoun Street, Suite 350
                                          Charleston, SC  29401
                                          Telephone: 843.278.5900
                                          *Attorneys for Defendant Pinnacle Property Management Services, LLC*